IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL CASE NO. |
| | ) | 1:19-CR-00442-LMM-RGV-1 |
| TIMOTHY O'NEAL | ) | |

MOTION TO DISMISS

COMES NOW the Defendant, TIMOTHY O'NEAL, by and through undersigned counsel, and moves this Court to dismiss Count Two of the Indictment for failure to state an offense. In support of this Motion, Mr. O'Neal offers the following:

FACTUAL BACKGROUND

Count Two of the Indictment alleges that Mr. O'Neal "did knowingly use and carry a firearm, that is a Sig Sauer, model P365, 9mm pistol, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, Assault on a Federal Officer, in violation of Title 18, United States Code, Section 111(a)(1) and (b), as alleged in Count One of this Indictment, and during and in relation to commission of the offense did discharge a firearm, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(A)(iii)." (Doc. 2 at 1-2). However, because assault of a federal officer is not a "crime of violence,"

Mr. O'Neal cannot be guilty of using, carrying and discharging a firearm during and in relation to a "crime of violence."

## ARGUMENT

Section 924(c) has a series of penalties for those who possess, brandish, or discharge a firearm during a crime of violence. The term "crime of violence" means an offense that is a felony and that:

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause of this definition, is commonly referred to as the "force clause" and the second clause of this definition is commonly referred to as the "residual clause." The "residual clause" has been deemed unconstitutionally vague, so in order for an offense to classify as a crime of violence it must qualify under the "force clause." *United States v. Davis*, 139 U.S. 2319, 2336 (2019).

In order to determine whether a predicate offense qualifies as a "crime of violence" under § 924(c), courts use the categorical approach. *Id* at 2328. This approach requires that courts look only to the elements of the offense and not the facts underlying the defendant's conduct. *Mathis v. United States*, 136 U.S. 2243, 2248 (2016). Moreover, if some of the conduct penalized by a statute does not

constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence." *Id.*

An offense will qualify as a crime of violence under § 924(c)'s force clause only if it has as an element "the use, attempted use, or threatened use of physical force against another person." 18 U.S.C. § 924(c)(3)(A). "Physical force," in turn, has two requirements.  First, physical force must involve violent force, that is, "strong physical force" which is capable of causing physical pain or injury to another person. *Johnson v. United States*, 559 U.S. 133, 140 (2010). Second, the use of such force "must be intentional, not just reckless or negligent," and must demonstrate the "active employment" of force. *United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015); *Leocal v. Ashcroft*, 543 U.S. 1, 9, 12-13 (2004). A statute must have, as a required element, the intent to use strong physical force. However, the crime of assault on a federal officer does not satisfy these requirements and cannot be a crime of violence.

Section 111, which is entitled "Assaulting, resisting, or impeding certain officers or employees," states as follows:

(a) In general.—Whoever—

(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with [an officer or employee of the United States] while engaged in or on account of the performance of official duties . . . shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim

of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

(b) Enhanced penalty.—Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111. Thus, the statute includes three categories of assault: misdemeanor assault under § 111(a), felony assault under § 111(a), and assault involving a dangerous/deadly weapon or bodily injury under § 111(b). *United States v. Siler*, 734 F.3d 1290, 1296 (11th Cir. 2013). None of the various ways to violate the statute require the active employment of violent force and therefore cannot categorically fit within § 924(c)'s force clause.

The misdemeanor provision of § 111 does not require any physical contact let alone violent force. Although the felony provision requires physical contact, any contact at all, even minimal contact that causes no injury whatsoever, will elevate a misdemeanor simple assault to a felony. Thus, a person can be guilty of felony assault without the active employment of violent force. See *United States v. Hernandez*, 921 F.2d 1569, 1577 (11th Cir. 1991) (affirming assault conviction where the defendant poked the officer in the chest by relying on other cases involving minimal contact).

To support a conviction for forcibly assaulting a federal officer by using a deadly weapon or by inflicting bodily injury as required by § 111(b), the Government must first prove the foundational fact that the defendant committed "any act described in § 111(a)," including either simple assault or felony assault. *Siler*, 734 F.3d at 1296-97 ("To interpret § 111(b), we have to identify the 'acts described in subsection (a).'"); *United States v. Hurry*, 569 Fed. Appx. 796, 797 (11th Cir. 2014). "It only matters whether such a weapon was used in the commission of a § 111(a) offense. Once such an actor uses a deadly weapon, he has committed the separate crime under § 111(b)." *Siler*, 734 F.3d at 1296. This crime, like the other versions of § 111, is a general intent statute. *United States v. Ettinger*, 344 F.3d 1149, 1154 (11th Cir. 2003). Thus, a defendant need not intend to cause injury at all; he must only intend the act that constituted the baseline simple assault. *United States v. Gutierrez*, 745 F.3d 463, 470-71 (11th Cir. 2014) (holding that a defendant need merely "intend the act that constituted the assault — that is, where there is physical contact, it is irrelevant whether the defendant intended to cause serious bodily injury").

The presence of a deadly weapon or bodily injury does not transform an assault into a crime of violence for purposes of § 924(c).

> The use of a deadly weapon may transform a lesser degree of force into the necessary "violent force." Nonetheless, the underlying crime must already have as an element some degree of, or the threat of, physical

> force in the more general sense (such as "the least touching"). The use of a deadly weapon may exacerbate the threat of physical force, but does not necessarily supply the threat if it is not already present in the underlying crime.

*United States v. Rede-Mendez*, 680 F.3d 552, 558 (6th Cir. 2012) (emphasis added) (holding that New Mexico "insulting language" conviction, even when committed with a firearm, is not a crime of violence).   Likewise, the alternative form of a § 111(b) crime—a simple assault in which the offender "inflicts bodily injury" on the federal agent, also does not satisfy the force clause because it fails *Leocal's* "active employment" standard. The crucial message of *Leocal* is that the ordinary meaning of a violent felony suggests a category of violent, active crimes. 543 U.S. at 9, 12-13. Lower courts have declared this to mean that the crime must be one of "intentional conduct." *United States v. McFalls*, 592 F.3d 707, 716 (6th Cir. 2010) (holding that South Carolina crime of assault and battery of a high and aggravating nature is categorically not a crime of violence "because [the statute] applies not only to intentional conduct, but also to reckless conduct"). Section 111(b) does not require proof that the defendant intended to bring about the injury. Instead, a defendant need only "intend the act that constituted the assault—that is, where there is physical contact, it is irrelevant whether the defendant intended to cause serious bodily injury." *Gutierrez*, 745 F.3d at 470-71.

The Second Circuit's decision that a Connecticut conviction for third-degree assault could not qualify as a "crime of violence" under § 924(c)'s force clause is instructive. In *Chrzanoski v. Ashcroft*, 327 F.3d 188, 194 (2d Cir. 2003), the court noted that because the statute required only causation of an injury, it failed to require the use or threatened use of physical force. The court conceived of "numerous examples of intentionally causing physical injury without the use of force, such as a doctor who deliberately withholds vital medicine from a sick patient," or "someone who causes physical impairment by putting a tranquilizer in the victim's drink." *Id*. The reasoning of *Chrzanoski* applies well to the similar crime defined in § 111(b). In conclusion, a non-intentional simple assault does not suddenly transform into an "active employment of violent force" simply because the act is done with a deadly weapon or causes bodily injury. Because the full range of conduct that constitutes the assault on a federal officer does not require the active employment of violent force, the offense categorically does not qualify as a crime of violence under § 924(c)(3)'s force clause.

<u>CONCLUSION</u>

Because assault on a federal officer under § 111 categorically fails to qualify as a "crime of violence" under § 924(c)'s "force" clause, and § 924(c)'s residual clause is unconstitutionally vague, there is no underlying "crime of violence" for

Count Two of the Indictment. For these reasons, Mr. O'Neal respectfully requests

that the Court dismiss Count Two of the Indictment.

    Dated:  This 10th day of February, 2020.

                    Respectfully Submitted,

                    */s/ Caitlyn Wade*
                    Caitlyn Wade
                    Georgia Bar No. 259114
                    Attorney for Mr. O'Neal

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530; Fax: (404) 688-0768
Caitlyn_Wade@fd.org

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Motion to Dismiss has been formatted in Book Antiqua 13 pt., in accordance with Local Rule 5.1B, and was manually filed this day with the Clerk of Court under seal.  A copy was hand delivered to counsel of record:

> Leanne Marek
> Assistant United States Attorneys
> Suite 600, Richard B. Russell Building
> 75 Ted Turner Drive, S.W.
> Atlanta, Georgia 30303

Dated:  This 10th day of February, 2020.

> *<u>/s/ Caitlyn Wade</u>*
> Caitlyn Wade
> Georgia Bar No. 259114
> Attorney for Mr. O'Neal