**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | CRIMINAL CASE NO. |
| v. | : | 1:19-cr-00442-LMM-RGV |
| | : | |
| | : | |
| TIMOTHY O'NEAL | : | |

## MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER

Defendant Timothy O'Neal ("O'Neal") is charged with one count of assaulting, resisting, and impeding a federal officer, in violation of 18 U.S.C. § 111(a)(1) and (b), and one count of using, carrying, and discharging a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).  [Doc. 2-1].[1] O'Neal has filed a motion for a bill of particulars, [Doc. 15], and a motion to dismiss Count Two of the indictment for failure to state an offense, [Doc. 16], both of which the government opposes, [Docs. 34 & 35].  For the reasons that follow, the motion for a bill of particulars, [Doc. 15], is **DENIED**, and it is **RECOMMENDED** that the motion to dismiss, [Doc. 16], be **DENIED**.

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

## I.  FACTUAL BACKGROUND

Around noon on October 8, 2019, several Deputy United States Marshals, Task Force Officers ("TFOs"), and other law enforcement agents approached a residence in Clayton County, Georgia, to execute an arrest warrant for O'Neal, who was believed to be inside based on prior surveillance. [Doc. 1 at 4]. As the arrest team approached the front door, some team members noticed movement from the blinds on the left side of the residence. [Id.]. The arrest team knocked on the door and announced their presence, but there was no answer, so the door was breached. [Id.]. Immediately after the door was breached, an individual later identified as O'Neal discharged a firearm in the direction of the arrest team members. [Id.]. After the shots were fired at them, the arrest team retreated from the front of the residence and set up a perimeter outside the residence. [Id.]. Members of the arrest team shouted commands for O'Neal to surrender, but he remained inside the residence. [Id.].

After the shots were fired, the arrest team contacted the Clayton County Police Department SWAT ("CCPD SWAT") team to assist in the apprehension of O'Neal. [Id. at 5]. At approximately 12:30 p.m., CCPD SWAT responded to the residence, announced their presence, and ordered O'Neal to surrender. [Id.]. An individual later identified as O'Neal discharged a firearm at the CCPD SWAT officers. [Id.]. CCPD SWAT then fired less-lethal gas and flashbangs inside the

residence to get O'Neal to come out.  [Id.].  At some point during the encounter,

O'Neal called 911 and told the dispatcher he had a gun in his hand and would

shoot any law enforcement officer that came into the residence.  [Id.].  O'Neal

spoke with a CCPD negotiator by telephone, and he eventually exited the

residence and was taken into custody.  [Id.].  On November 6, 2019, a federal grand

jury in this district returned an indictment against O'Neal, charging him in Count

One with assaulting a federal law enforcement officer, in violation of 18 U.S.C. §

111(a)(1) and (b), and in Count Two with using, carrying, and discharging a

firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).  [Doc.

2-1].

## II.  DISCUSSION

### A.    Motion to Dismiss Count Two, [Doc. 16]

O'Neal moves to dismiss Count Two of the indictment for failure to state an

offense. [Doc. 16].  Count Two charges that O'Neal "did knowingly use and carry

a firearm, that is, a Sig Sauer, model P365, 9mm pistol, during and in relation to a

crime of violence for which he may be prosecuted in a court of the United States,

that is, Assault on a Federal Officer, in violation of Title 18, United States Code,

Sections 111(a)(1) and (b), as alleged in Count One of this Indictment, and during

and in relation to commission of the offense did discharge a firearm, in violation

of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(A)(iii)."  [Doc.

2-1 at 1-2].  O'Neal contends that "because assault of a federal officer is not a 'crime

of violence,' [he] cannot be guilty of using, carrying and discharging a firearm

during and in relation to a 'crime of violence,'" as charged in Count Two.  [Doc.

16 at 1-2].  However, after filing his motion, O'Neal filed a notice of supplemental

authority, acknowledging that "the Eleventh Circuit has held that the crime of

Assault on a Federal Officer in violation of 18, United States Code, Section 111(b)

does constitute a crime of violence under 18, United States Code, Section 924(c)."

[Doc. 32 at 1 (citing United States v. Bates, 960 F.3d 1278, 1287 (11th Cir. 2020)].

Consequently, O'Neal concedes "that this Court is bound by the precedent set in

*Bates* and would therefore be bound to deny his motion to dismiss."  [Id.].[2]  In its

response, the government similarly asserts that O'Neal's motion to dismiss is

foreclosed by the Eleventh Circuit's recent ruling in Bates that a violation of §

111(b) constitutes a crime of violence under § 924(c).  [Doc. 35 at 1].  Since Bates is

binding precedent on this Court that directly defeats the arguments advanced by

O'Neal for dismissing Count Two, it is **RECOMMENDED** that O'Neal's motion

to dismiss Count Two of the indictment, [Doc. 16], be **DENIED**.

---

[2] O'Neal "wishes to preserve his argument for any further appellate litigation."
[Doc. 32 at 1].

**B.**     Motion for Bill of Particulars, [Doc. 15]

In his motion for a bill of particulars, O'Neal contends that although Count

One of the indictment tracks the statutory language of the offense of assault on a

federal officer by alleging that he "did forcibly assault, resist, oppose, impede,

intimidate, and interfere with" a number of Deputies and TFOs of the United

States Marshals Service, "these terms are too broad to put [him] on notice as to

how the [g]overnment defines these terms and how the government believes [he]

violated § 111(a) and (b)(1)."  [Doc. 15 at 2 (citation and internal marks omitted)].

O'Neal's motion does not otherwise specify the particulars he seeks but simply

requests that the Court "order the government to provide the particulars

requested herein in order to ensure that he can adequately prepare his defense and

avoid prejudicial surprise."  [Id.].

In its response opposing O'Neal's motion, the government argues that the

"[i]ndictment more than sufficiently informs [O'Neal] of the charges he is facing

and the discovery turned over contains the information [he] is requesting."  [Doc.

34 at 1].  In particular, the government asserts that the "[i]ndictment is sufficiently

particular because it (1) presents the essential elements of the charged offense, (2)

notifies the accused of the charges to be defended against, and (3) enables the

accused to rely upon a judgment under the indictment as a bar against double

jeopardy for any subsequent prosecution for the same offense."  [Id. at 4 (citation

omitted)].    Moreover, the government explains that, in addition to the "straightforward" charges of the two-count indictment, its "discovery production included a detailed criminal complaint outlining the charges against [O'Neal], reports summarizing the investigation, interviews with numerous law enforcement victims describing the events that are charged in the [i]ndictment, and an audio recording of a 911 call that [O'Neal] placed that recorded much of the events of the day in question."   [Id. at 4-5].   Therefore, the government contends that O'Neal has failed "to meet his burden of demonstrating why a bill of particulars is *necessary* to defend himself at trial."   [Id. (citation omitted)].

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court "may direct the government to file a bill of particulars."  Fed. R. Crim. P. 7(f).  "The purpose of a true bill of particulars is threefold: 'to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.'"   United States v. Reddy, Criminal Action File No. 1:09-CR-0483-ODE/AJB, 2010 WL 3210842, at *5 (N.D. Ga. Apr. 5, 2010), adopted as modified by 2010 WL 3211029, at *7 (N.D. Ga. Aug. 11, 2010) (quoting United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985)); see also United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981) (citations omitted); United States v. Zellner, Criminal Indictment No. 1:09-CR-320-TCB-GGB, 2011 WL

530718, at *9 (N.D. Ga. Jan. 14, 2011), adopted by United States v. Chester, Criminal

Action File No. 1:09-cr-320-TCB-GGB, 2011 WL 529952, at *1 (N.D. Ga. Feb. 4, 2011)

(citation omitted). Generalized discovery is not a valid reason for seeking a bill of

particulars, Colson, 662 F.2d at 1391 (citation omitted); United States v. Davis, 582

F.2d 947, 951 (5th Cir. 1978),[3] and "[a] bill of particulars may not be used for the

purpose of obtaining detailed disclosure of the government's case or evidence in

advance of trial," Zellner, 2011 WL 530718, at *9 (citation omitted). Further, a

defendant is not entitled to a bill of particulars describing information which is

already evident from other sources, such as elsewhere in the indictment or in

discovery. United States v. Rosenthal, 793 F.2d 1214, 1227 (11th Cir. 1986),

modified on other grounds by, 801 F.2d 378 (11th Cir. 1986) (citation omitted); see

also Reddy, 2010 WL 3210842, at *5 (citation omitted).

Count One of the indictment charges that O'Neal "did forcibly assault,

resist, oppose, impede, intimidate, and interfere with" a number of Deputies and

TFOs of the United States Marshals Service. [Doc. 2-1 at 1]. This charge tracks the

statutory language of § 111(a)(1), informing O'Neal of the essential elements of the

offense. See 18 U.S.C. § 111(a)(1). O'Neal's request for particulars as to how he

---

[3] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

"did forcibly assault, resist, oppose, impede, intimidate, and interfere with" the

Deputies and TFOs seeks legal definitions and conclusions and discovery of the

government's theory of the case, [Doc. 15 at 2 (citation and internal marks

omitted)], which is not a proper purpose of a bill of particulars, United States v.

Baitcher, Criminal Action File No. 1:11-CR-536-SCJ-AJB, 2013 WL 1501462, at *2

(N.D. Ga. Mar. 22, 2013), adopted by 2013 WL 1501454, at *1 (N.D. Ga. Apr. 11,

2013) (footnote and citations omitted) ("A bill of particulars may be obtained to

clarify an indictment, as long as it does not seek to determine in advance the

government's proof."); United States v. Wimbley, Criminal No. 11-0019-WS, 2011

WL 3204539, at *2 (S.D. Ala. July 27, 2011) (citations omitted) ("Defendants are not

entitled to a bill of particulars as a . . . comprehensive preview of the

[g]overnment's trial proof or theories); United States v. Lu, No. 07CR262S, 2008

WL 2789793, at *3 (W.D.N.Y. July 17, 2008) (citations omitted) (denying motion for

bill of particulars where defendant sought "legal definitions and conclusions of

law" and noting that government was "not required to state definitions of legal

terms" including "'obscene,'" and "'lewd'" in the context of an obscenity statute);

United States v. Perez, No. CR 106-029, 2006 WL 1737449, at *3 (S.D. Ga. June 19,

2006), adopted at *1 (citation omitted) ("Nor is [a bill of particulars] intended to

secure for the defense the government's explanation of its theory of the case.").

Moreover, the government maintains that it has provided extensive discovery and related materials to O'Neal, [Doc. 34 at 5], and he is not "entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection," United States v. Jackson, CRIMINAL ACTION FILE NO. 1:16-CR-427-AT-JKL-8, 2019 WL 7842416, at *3 (N.D. Ga. Aug. 29, 2019), adopted by 2019 WL 6769233, at *2 (N.D. Ga. Dec. 12, 2019) (citation and internal marks omitted); Rosenthal, 793 F.2d at 1227 (citation omitted) (noting defendant not entitled to bill of particulars "with respect to information that is already available through . . . the indictment or discovery and inspection"); see also Colson, 662 F.2d at 1391; United States v. Chaidez-Ontiveros, Criminal Case No. 1:11-CR-0264-AT-JFK, 2011 WL 7574634, at *2 (N.D. Ga. Oct. 25, 2011), adopted by 2012 WL 984269, at *2 (N.D. Ga. Mar. 21, 2012) (citing United States v. Kunzman, 54 F.3d 1522, 1526 (10th Cir. 1995) (holding bill of particulars not necessary when indictment is sufficiently specific and the defendant has access to the government's file via discovery)); United States v. Leiva-Portillo, No. 1:06-CR-350-WSD, 2007 WL 1706351, at *14-15 (N.D. Ga. June 12, 2007) (denying motion for bill of particulars where the government represented that it had provided extensive discovery materials to defendant that were responsive to the requests made and that discovery information "sufficiently advise[d] [d]efendant of the specific conduct for which she [was] being

9

prosecuted").   Indeed, the complaint in this case provides details beyond the charges of the indictment that describes O'Neal's actions of discharging a firearm in the direction of Deputies and TFOs of the United States Marshals Service who were attempting to arrest him on October 8, 2019.  See [Doc. 1].  O'Neal has not filed a reply disputing the government's contention that the discovery production, including a 911 call that he placed and recorded much of the events of the day in question, provides sufficient particulars of the offense charged in Count One to "'to inform [him] of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.'"  Reddy, 2010 WL 3210842, at *5 (citation and internal marks omitted).  In short, O'Neal "bears the burden of showing that the information requested is necessary and that he will be prejudiced without it so as to justify granting a bill of particulars," Jackson, 2019 WL 7842416, at *3 (citations and internal marks omitted), and he has failed to meet his burden with respect to the particulars sought by his motion. Accordingly, his motion for a bill of particulars, [Doc. 15], is **DENIED**.

### III.  CONCLUSION

For the foregoing reasons, O'Neal's motion for a bill of particulars, [Doc. 15], is **DENIED**, and it is **RECOMMENDED** that his motion to dismiss Count Two of the indictment, [Doc. 16], be **DENIED**.

There are no other pending matters before the Magistrate Judge, and the undersigned is aware of no problems relating to the scheduling of this case.[4]

**IT IS THEREFORE ORDERED** and **ADJUDGED** that this action be and the same is hereby, certified Ready for Trial.

**IT IS SO ORDERED AND RECOMMENDED**, this 16th day of September, 2020.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

[4] The government's motion for detention, [Doc. 9], remains pending as O'Neal is still under a writ of habeas corpus ad prosequendum, [Doc. 5].