IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | :  CIVIL ACTION NO. |
| | :  1:19-CR-442-LMM-RGV-1 |
| TIMOTHY O'NEAL, | : |
| | : |
| Defendant. | : |

## **ORDER**

This case comes before the Court on the Magistrate Judge's Report and Recommendation ("R&R") [37]. Pursuant to 28 U.S.C. § 636(b)(1), Defendant filed objections to the R&R [40]. The facts and procedural history of this case are set forth in the R&R and are fully incorporated herein by reference. After due consideration, the Court enters the following Order.

### I.      LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate's R&R for clear error if no objections are filed. 28 U.S.C. § 636(b)(1). If a party files objections, however, the district court must determine *de novo* any part of the Magistrate Judge's disposition that is the subject of a proper objection. Id.; Fed. R. Crim. P. 59(b)(3). As Defendant filed objections to the R&R, the Court reviews

the Magistrate Judge's findings and recommendations regarding these conclusions on a *de novo* basis. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

Defendant objects to the Magistrate Judge's denial of Defendant's Motion to Dismiss Count Two. Specifically, Defendant objects to the Magistrate Judge's conclusion that assault on a federal officer in violation of 18 U.S.C. § 111(b) qualifies as a crime of violence under 18 U.S.C § 924 (c). At the same time, Defendant acknowledges that this Court is bound by the precedent set in United States v. Bates, 960 F.3d 1278 (11th Cir. 2020). As Bates controls this issue, Defendant's objection is without merit.

## III. CONCLUSION

In light of the foregoing, Defendant's objections [40] are **OVERRULED** and the Court **ADOPTS** the Magistrate Judge's R&R [37] as the opinion of this Court. The Motion to Dismiss [16] is **DENIED**.

The trial in this action is hereby set to begin on **Tuesday, April 27, 2021 at 9:30 A.M.** in Courtroom 2107. The pretrial conference will be held on **Tuesday, April 20, 2021 at 10:00 A.M.** in Courtroom 2107. By noon on **Tuesday, April 6, 2021**, the parties are to file the following: motions *in limine* and proposed *voir dire* questions. By noon on **Tuesday, April 6, 2021**, the Government must file a brief summary of the indictment that the parties can rely on for *voir dire*. By noon on **Tuesday, April 13, 2021**, the parties are to file

responses to motions *in limine* and any objections and to those items listed above.

Excludable time is allowed through **April 27, 2021**, pursuant to 18 U.S.C. § 3161 (h)(7)(A) and (B)(iv), to give counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds that the ends of justice served outweigh the best interest of the public and the Defendant in a speedy trial and are consistent with both the best interest of the public and individual justice in this matter.

**IT IS SO ORDERED** this  29th  day of October, 2020.

                                                                          _____
                                                                          **Leigh Martin May**
                                                                          **United States District Judge**